**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS WOOTEN,** | : | |
| | : | **Civil No. 1:21-CV-1158** |
| **Petitioner,** | : | |
| | : | **(Judge Mannion)** |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **UNITED STATE OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM OPINION**

**I. Statement of Facts and of the Case**

Thomas Wooten, a federal prisoner housed in the Federal Correctional Institution, Allenwood, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which attacks his conviction in the United States District Court for the Eastern District of Michigan on child sexual exploitation charges involving his 3-year-old daughter. Wooten was convicted of these offenses following a jury trial and was sentenced 30 years imprisonment. While Wooten's current petition filed with this court insists that he was actually innocent of these crimes involving the cruel sexual exploitation of a toddler, it is noteworthy that Wooten actually provided a detailed written confession, admitting to these offenses. As the Court of Appeals observed when it affirmed Wooten's conviction:

In November 2010, as part of nationwide investigation into the production and distribution of child pornography, the FBI focused on a suspect in Indianapolis, Indiana. That investigation led agents to an internet protocol (IP) address linked to 21586 Dupont Drive in Macomb Township, Michigan. Development of an operation in New Haven, Connecticut, led agents to the same IP address. The Detroit FBI then determined that Thomas Wooten lived at the Dupont Drive address, obtained a federal search warrant for the residence, and executed it. Wooten shared the house with another tenant, Christie Teltow, and Teltow's minor child, a daughter. To separate Wooten from the other tenants while conducting the search, agents handcuffed Wooten and placed him in the back of a sheriff's car. Wooten sat alone in the car for some period of time and then was moved to the back of FBI Special Agent William Fleming's car, where he remained handcuffed.

While Wooten was in Agent Fleming's car, the FBI agents asked him about his email address, about his relationship with his ex-girlfriend, who was the mother of his child, and about his access to computers in the residence. Fleming and Christianson also showed Wooten two photographs of a blond child that they had downloaded from the internet and traced to Wooten, one in which she was fully clothed and a second that showed her naked in the bathtub. When the agents asked if Wooten could identify her, he told them that she was his daughter, then three years old.

After completing the search, the agents then drove Wooten to the FBI field office in Macomb County, where they gave Wooten coffee, offered him food, and gave him an opportunity to use the restroom. Some 30 minutes after arrival, the agents advised Wooten of his *Miranda* rights, secured a written waiver, and began questioning Wooten. During the ensuing interrogation, the agents asked Wooten about his email address, his computer use, his internet service, and his possession, viewing, downloading, production, and distribution of child pornography. Wooten again identified photographs of his daughter, many of them depicting her nude and

> some of them focused on her genital area. Following interrogation, Wooten initialed a confession drafted by one of the agents and signed consent forms allowing the agents to assume his online identity and search his cell phone.

United States v. Wooten, 602 F. App'x 267, 267–68 (6th Cir. 2015).
! !

Wooten appealed this conviction and sentence, but on direct appeal this conviction was affirmed. Id. Wooten also alleges that he filed several successive petitions to vacate his conviction and sentence with the court of conviction, but these petitions have been denied. (Doc. 1, at 2).

It is against this procedural backdrop that Wooten has now filed a mixed § 2241 habeas petition and motion to vacate sentence based upon newly discovered evidence under Rule 60(b) of the Federal Rules of Civil Procedure, challenging his conviction and sentence. (Id.) Wooten's petition in this court neglects to mention his detailed confession to sexually abusing his 3-year-old daughter. Instead, it argues implausibly that certain alleged discrepancies in the dates of bathroom renovations and cellphone acquisitions conclusively proves that he is actually innocent of the crimes he admitted committing.

Typically, such arguments are uniquely the province of the sentencing court for consideration through a motion to vacate or correct sentence under 28 U.S.C. § 2255. Wooten, however, urges us instead to consider the merits of these arguments

through a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. While we should decline this invitation to address the underlying merits of Wooten's claims since his petition is procedurally problematic, acting out of an abundance of caution, this petition will be transferred to the sentencing court, the United States District Court for the Eastern District of Michigan, for consideration by that court.

## II. Discussion

### A. This Petition Should Be Transferred to the Sentencing Court.

In this case, the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a seeking relief in the district of conviction under 28 U.S.C. §§ 2241 or 2255. On this score, it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). It is now clearly established that Section 2255 specifically provides the remedy to federally sentenced

prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962). Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed, it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

Typically, this general rule admits of only one narrowly tailored exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).

Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539 (emphasis added). Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). The only recognized exception to this rule was identified by the Court of Appeals in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), when the Court held that § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255 in very narrow instances when a petitioner had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251.

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in

substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251.

In this regard: "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)). "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the evidence," ' 'it is more likely than not that no reasonable juror would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))." Bousley, 523 U.S. at 623. Applying this principle to claims made under Dorsainvil:

> [T]his Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251–52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002). A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect. A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual

> innocence is extremely demanding and permits review only in the "extraordinary" case. See House, 547 U.S. at 536–37 (citing Schlup, 513 U.S. at 327).

White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010).

On its face, this petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Wooten is not alleging that this case entails matters that an intervening change in substantive law has made no longer criminal. Dorsainvil, 119 F.3d at 251. Quite the contrary, the offenses for which Wooten was convicted—sexual exploitation of children—remain as illegal today as they were when the petitioner was convicted of these crimes. Simply put, one still may not create visual depictions of the sexual abuse of your own infant daughter.

Further, Wooten's claim of actual innocence, which is apparently based upon some perceived discrepancies in trial testimony regarding the dates of acquisition of a cellphone and certain bathroom renovations, ignores an immutable fact: Wooten admitted to this horrific abuse of a child. According to the Court of Appeals:

> At FBI headquarters, . . . , Wooten provided the agents with his cell phone number and identified his cell phone server after turning it over. He acknowledged using a Netbook that belonged to Teltow but denied using a computer located in her part of the house. Wooten was shown an email dated October 20, 2011, and 11 photographs of his daughter attached to the email, which had been sent from "tomwoots@yahoo.com" to "didnotwant@yahoo.com." At first,

> Wooten told the agents that he did not recall sending the email, but he later admitted that he had. Wooten also tried to convince the agents that he had deleted the photographs after sending them, claiming that he did not intend to send the photographs to anyone when he took them. Eventually, however, he confessed that he had taken the photographs and uploaded them on a file-sharing site called ImageSource, in order to gain access to other users' child pornography. In addition to sending the photographs to "didnotwant@yahoo.com," he said, they were sent to a few other addresses. He also told the agents that he had corresponded with someone at "adog838@yahoo.com" and regularly used a website called GigaTribe to view adog838's folders containing child pornography, securing access by appropriating adog838's screen name and password. Wooten said that he downloaded photographs and videos of child pornography from various GigaTribe users to a thumb drive, which he hid in his bedroom. He denied printing the photographs or saving anything to the Netbook because he did not want anyone to find the images. Wooten said that he had accessed GigaTribe for the last time in August 2011, when he was prompted to pay a monthly fee for access but decided not to do so. When asked about other contacts, Wooten said that he remembered one user on GigaTribe whose screen name began with "Mega," but he could not recall the rest of the user's name.
>
> Based on this information, the agents drafted a written confession with a waiver of rights, which Wooten signed. After executing it, Wooten provided the following additional facts: that he had collected hundreds of photographs and 10–15 videos containing child pornography—all stored on the thumb drive hidden in his room; that he had first made contact with "adog838" by reviewing chat logs; and that half the photos and videos came from a user named "Steve–Daddy" with whom Wooten chatted regularly when signed on as "adog838."

Wooten, 602 F. App'x at 273–74.

Given this chilling, detailed and graphic confession, Wooten's belated claims of actual innocence ring hollow. Accordingly, the Dorsainvil exception, under which § 2241 relief could be available in lieu of a motion under 28 U.S.C. § 2255, simply

has no application to this case. Instead, the petitioner's current § 2241 petition seems explicitly premised on a notion of judge-shopping, a desire to litigate claims in a different forum. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and therefore this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Therefore, this is a case that is procedurally problematic as a habeas corpus petition under § 2241. Recognizing that this matter potentially may not be appropriately brought before this court, the petition could either be dismissed or transferred to the Eastern District of Michigan, so the sentencing district court may consider this petition. While both courses—dismissal or transfer—are available to this court, in the instant case we will transfer this case to the court of conviction. In reaching this conclusion, we note that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we observe that when courts in this district

have been confronted by habeas petitions, like the petition lodged here which challenge aspects of a sentence imposed by another federal district court, they have often relied upon § 1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result, we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D. Pa. Aug. 12, 2010) (Jones, J.); see also Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404 are satisfied. At the outset, it is apparent

that this venue is another district where this claim might have been brought through a motion under 28 U.S.C. § 2255. It is also evident that the second prerequisite for a transfer order is present here: a transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner, 2008 WL 1752229, at *4.

Moreover, in the instant case, "[w]e need not. . . be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, . . . the district court [may] exercise[e] jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

Further, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner that might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424,

430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

Finally, we note that:

> A motion to transfer venue ... involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05–CV–55–OC–10GRJ, 2006 WL 948048, at *1 n. 1 (M.D.Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., No. Civ. A. 93–0673L, 1994 WL 363920, at *2 (D.R.I. July 6, 1994); O'Brien v. Goldstar Tech., Inc., 812 F.Supp. 383 (W.D.N.Y.1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85–4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true "because it can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

Berg v. Aetna Freight Lines, CIV.A. 07–1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008). Therefore, the decision to transfer a case rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. See Franklin v. GMAC, CIV.A. 13–0046, 2013 WL 140042 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive..... A Magistrate Judge may

rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). See, e.g., Silong v. United States, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). See also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); see also Holley v. Robinson, 2010 WL 1837797, *2 (M.D. Pa. 2010) (since "order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the district court, or this [magistrate] court."); Berg v. Aetna Freight Lines, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

In sum, the petitioner invites this court under the guise of a habeas petition to do something that the sentencing court should, in the first instance, be given the opportunity to do—decide whether to set aside his conviction and sentence. We should decline this invitation, but acting out of an abundance of caution, this Court should transfer this petition pursuant to 28 U.S.C. § 1404 to the sentencing court so that court may address the merits of these claims.

## III. Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that this Court transfer this petition to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404, so that court may address the merits of these claims.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

August 9, 2021.